# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for LA JOLLA BANK, FSB,<br><br>                      Plaintiff,<br>vs.<br><br>DANNY TARKANIAN, an individual; AMY M. TARKANIAN, an individual; JERRY TARKANIAN, an individual; LOIS TARKANIAN, an individual: GEORGE TARKANIAN. an individual: ZAFRIR DIAMANT. an individual: JOSEPHINE DIAMANT. an individual: DOUGLAS R. JOHNSON. an individual: DEBRA JOHNSON. an individual; and DOES 1 through 100, inclusive,<br><br>                      Defendants.<br>_____<br>DANNY TARKANIAN: AMY M. TARKANIAN: JERRY TARKANIAN: LOIS TARKANIAN: GEORGE TARKANIAN; ZAFRIR DIAMANT; JOSEPHINE DIAMANT,<br><br>                      Counterclaimants,<br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION. Receiver for LA JOLLA BANK. FSB. a federally chartered savings bank: DOES I-X. inclusive: and ROE CORPORATIONS I-X, inclusive,<br><br>                      Counterdefendants. | CASE NO. 10cv980-WQH-BGS<br><br>ORDER |

| | |
|---|---|
| DANNY TARKANIAN: AMY M. TARKANIAN: JERRY TARKANIAN: LOIS TARKANIAN: GEORGE TARKANIAN; ZAFRIR DIAMANT; JOSEPHINE DIAMANT, | |
| | Third Party Plaintiffs, |
| vs. | |
| BEN WIGGINS: DOES I-X. inclusive: and ROE CORPORATIONS I-X, inclusive, | |
| | Third Party Defendants. |

HAYES, Judge:

The matter before the Court is the Ex Parte Motion to File Documents Under Seal filed by Plaintiff Federal Deposit Insurance Corporation ("FDIC"), as Receiver for La Jolla Bank, FSB. (ECF No. 52).

**BACKGROUND**

On May 6, 2010, Plaintiff FDIC initiated this action by removing the Complaint from San Diego Superior Court pursuant to 28 U.S.C. § 1441(b) and 12 U.S.C. § 1819(b)(2)(B). (ECF No. 1). This case relates to certain loans that were issued by La Jolla Bank and personally guaranteed by the individually named Defendants.

On November 9, 2011, Plaintiff filed an ex parte motion to file documents under seal. (ECF No. 52). No opposition was filed in response to the motion.[1]

Plaintiff seeks to seal the subject loan applications and their respective credit memoranda and closing statements on the grounds that these documents contain "sensitive financial, commercial and trade secret information." (ECF No. 52). The loan applications contain personal financial information of the individual Defendants including detailed income, assets, and liability statements. The credit memoranda state the Defendants' intended use for the loan proceeds and include underwriting analysis regarding their ability to repay the loans. The closing settlement statements show detailed disbursement of loan proceeds.

---

[1] Pursuant to chambers civil procedure rules, the Court may rule upon ex parte motions without requiring a response from the opposing party. If a party intends to oppose the ex parte motion, the party must immediately file a notice stating that the party intends to oppose the ex parte motion and providing the date upon which the opposition would be filed. No such notice or opposition was filed in response to Plaintiff's ex parte motion to file under seal.

## DISCUSSION

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) quoting *Nixon v. Warner Communs., Inc*., 435 U.S. 589, 597 & n.7 (1978). Except for documents that are traditionally kept secret, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); see also *Kamakana*, 447 F.3d at 1178-79. "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard.... the party must articulate compelling reasons supported by specific factual findings... that outweigh the general history of access and the public policies favoring disclosure...." *Kamakana*, 447 F.3d at 1178-79 (citations and quotation marks omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) quoting *Press-Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985).

"Under the compelling reasons standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010) (quotations omitted). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Pintos*, 605 F.3d at 659 n.6, citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995); see also *Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.").

The Court finds that the proposed sealed documents contain both personal financial information and commercial trade secret information which might become a vehicle for improper purposes in the hands of business competitors or private citizens. Plaintiff has shown compelling reasons that outweigh the public's interest in disclosure of these materials and justify filing the documents under seal.

**CONCLUSION**

IT IS HEREBY ORDERED that the Ex Parte Motion to File Documents Under Seal filed by Plaintiff Federal Deposit Insurance Corporation, as Receiver for La Jolla Bank, FSB (ECF No. 52) is GRANTED. The sealed lodged proposed documents filed under ECF Nos. 53, 54, 60, and 62 shall be on the docket under seal.

DATED: April 17, 2012

**WILLIAM Q. HAYES**
United States District Judge