1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **SOUTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for LA JOLLA BANK, FSB, | CASE NO. 10cv980-WQH-BGS |
| Plaintiff, | ORDER |
| vs. | |
| DANNY TARKANIAN, an individual; AMY M. TARKANIAN, an individual; JERRY TARKANIAN, an individual; LOIS TARKANIAN, an individual: GEORGE TARKANIAN, an individual: ZAFRIR DIAMANT. an individual: JOSEPHINE DIAMANT. an individual: DOUGLAS R. JOHNSON. an individual: DEBRA JOHNSON. an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |
| DANNY TARKANIAN: AMY M. TARKANIAN: JERRY TARKANIAN: LOIS TARKANIAN: GEORGE TARKANIAN; ZAFRIR DIAMANT; JOSEPHINE DIAMANT, | |
| Counterclaimants, | |
| vs. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION. Receiver for LA JOLLA BANK. FSB. a federally chartered savings bank: DOES I-X. inclusive: and ROE CORPORATIONS I-X, inclusive, | |
| Counterdefendants. | |

DANNY TARKANIAN: AMY M.
TARKANIAN: JERRY TARKANIAN: LOIS
TARKANIAN: GEORGE TARKANIAN;
ZAFRIR DIAMANT; JOSEPHINE
DIAMANT,

Third Party Plaintiffs,

vs.

BEN WIGGINS: DOES I-X. inclusive: and
ROE CORPORATIONS I-X, inclusive,

Third Party Defendants.

HAYES, Judge:

The matter before the Court is the Motion for Summary Judgment on the Counterclaims of Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, and Josephine Diamant filed by Plaintiff Federal Deposit Insurance Corporation ("FDIC") as Receiver for La Jolla Bank, FSB ("La Jolla Bank"). (ECF No. 61).

**BACKGROUND**

On May 6, 2010, Plaintiff FDIC, as receiver for La Jolla Bank, initiated this action by removing the Complaint from San Diego Superior Court pursuant to 28 U.S.C. § 1441(b) and 12 U.S.C. § 1819(b)(2)(B). (ECF No. 1). The original complaint filed in San Diego Superior Court alleged two causes of action against Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, Josephine Diamant, Douglas Johnson, and Debra Johnson for breach of guaranty on loans for which the Defendants were individual guarantors. *Id.* at 30-48.

On June 11, 2010, Defendants filed Counterclaims against Plaintiff, alleging causes of action for fraudulent concealment, negligence, civil conspiracy, breach of the covenant of good faith and fair dealing, and aiding and abetting deceit. (ECF No. 6 at 11-28). Defendants allege in their counterclaims that La Jolla Bank had a duty to disclose certain material facts regarding the subject loans and that La Jolla Bank breached that duty by concealing those material facts.

On January 5, 2012, the Court dismissed Douglas Johnson and Debra Johnson as counterclaimants for failure to substitute counsel. (ECF No. 83).

///

On November 21, 2011, Plaintiff filed a Motion for Summary Judgment on the Counterclaims (ECF No. 61).  On December 27, 2011, Counterclaimants filed an opposition. (ECF No. 77).   On January 3, 2012, Plaintiff filed a reply.  (ECF No. 80).

## UNDISPUTED FACTS

On July 12, 2007, Vegas Diamond Properties LLC ("Vegas Diamond") executed a Promissory Note with La Jolla Bank in the amount of $14,568,750 secured by a deed of trust on a vacant parcel of land owned by Vegas Diamond.  Vegas Diamond represented that the purpose of the loan was to refinance the vacant land and invest in a real estate project by developer Robert Dyson in Anza, California.

Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafrir Diamant, and Josephine Diamant personally guaranteed the loan.  The Guaranties contained the following provisions:

> …Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender… Guarantor will make any payments to Lender... without set-off or deduction or counterclaim… Guarantor represents and warrants to Lender that... no representations or agreements of any kind have been made to the Guarantor which would limit or qualify in any way the terms of this Guaranty… Lender shall have no obligation to disclose to Guarantor any information or documents acquired by Lender in the course of its relationship with Borrower... Guarantor also waives any and all rights or defenses based on…any defenses given to guarantors at law or in equity other than actual payment and performance of the Indebtedness.

(Heumann Declaration, Exhibits 11-19; ECF Nos. 61-9 at 28-53 and 61-10 at 1-16).

On the same day, July 12, 2007, Dyson executed a Promissory Note with Vegas Diamond promising to satisfy Vegas Diamond's loan with La Jolla Bank when the loan matured in 2009.  La Jolla Bank was not a party or signatory to the Promissory Note between Dyson and Vegas Diamond.

## DISCUSSION

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material

fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Celotex*, 477 U.S. at 322, 324. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the nonmovant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in their favor. *See id.*

## I.    Summary Judgment Pursuant to 12 U.S.C. Section 1823(e)

Plaintiff contends that Defendants' counterclaims are based on La Jolla Bank's alleged failure to disclose problems with Dyson's real estate development project and that this alleged "fraudulent inducement/concealment is not actionable under § 1823(e)." (ECF No. 61-1 at 19). Plaintiff contends that La Jolla Bank was not a party to the Promissory Note between Dyson and Vegas Diamond, and that "in taking over the affairs of [La Jolla Bank], the FDIC had no notice of the side agreement with Dyson." *Id.* Plaintiff contends that Vegas Diamond's "agreement with Dyson is not memorialized in the [La Jolla Bank] loan documents, therefore it is a secret or side agreement that is unenforceable under 12 U.S.C. §1823(e)." *Id.*

Defendants contend that La Jolla Bank "possessed exclusive information not known to the Counterclaimants,... actively concealed those material facts from the Counterclaimants, and... made partial representations but also suppressed certain material facts." (ECF No. 77 at 25). Defendants contend that "this case is not just about what is contained in the bank's documents, but also about *information* that was ***not*** provided to the Counterclaimants...." *Id.*

at 24 (emphasis in original).  Defendants contend that "there were special circumstances imparting a duty upon [La Jolla Bank] to disclose certain material facts to the Counterclaimants" and that La Jolla Bank "engaged in fraudulent behavior to the detriment of the Counterclaimants" in allegedly concealing those material facts.  *Id.*

Section 1823(e) bars the use of extrinsic agreements to diminish or defeat the FDIC's interest in an asset, unless the agreement documents meet the specific requirements laid out in the statute.  12 U.S.C. § 1823(e) provides that:

> No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement (A) is in writing, (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (D) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e).

An agreement that does not comply with § 1823(e) shall not form the basis of a claim against the FDIC as receiver. 12 U.S.C. § 1821(d)(9)(A).[1]

In *Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396 (1987), the Supreme Court held that an "agreement," which cannot diminish the FDIC's interest in acquired assets, is not limited to express promises or representations but includes unrecorded misrepresentations and conditions to performance.  *Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396 (1987).   The Supreme Court concluded that "§ 1823(e) bars the defense that the [promissory] note was procured by fraud in the inducement even when the fraud did not take the form of an express promise."  *Id.* at 90.

In *Brookside Associates v. Rifkin*, debtors brought action against Resolution Trust Corporation as receiver for the bank that sold condominiums to the debtors.  *Brookside Associates v. Rifkin*, 49 F.3d 490 (9th Cir. 1995).  The debtors alleged that they were mislead

---

[1]12 U.S.C. § 1821(d)(9)(A) provides that "any agreement which does not meet the requirements set forth in section 1823(e) of this title shall not form the basis of, or substantially comprise, a claim against the receiver or the Corporation."

into the purchase based on fraudulent misrepresentations and concealment regarding the appraisal value of the condominiums.  Specifically, debtors alleged that the bank and its officers stated an inflated appraisal value and refused to disclose the accurate appraisal value upon request by debtors.  The Court of Appeals for the Ninth Circuit applied § 1823(e) and the Supreme Court's decision in *Langley* to conclude that § 1823(e) barred the claims for fraudulent and negligent concealment against Resolution Trust Corporation as receiver for the bank.  The Court of Appeals concluded that "Brookside's allegations describe just the sort of secret agreement in relation to a loan that *Langley* found violated the public policy behind the statute." *Id.* at 496.  The Court of Appeals concluded that Brookside cannot avoid application of the statute "by recasting the bank officers' active misrepresentation that the appraisal value was $1.78 million as an omission of the fact that the actual appraisals were lower. That logic would reward artful pleading and thwart the... policy, as nearly every fraudulent misstatement can also be characterized as a deceitful concealment of the true state of affairs." *Id.* at 497-98. The Court concluded that Brookside "could have protected itself by insisting that the 'secret agreement'-the false appraisal-be incorporated in the loan documentation... [and that § 1823(e)] bars Brookside's lawsuit." *Id.* at 497.

Since *Langley*, "a line of federal decisions extends section 1823(e) to claims for fraud and misrepresentation based on non-disclosures of fact.... These cases conclude that an unlawful omission is a form of 'agreement' to which section 1823(e) applies." *Avirez, Ltd. v. Resolution Trust Corp*., 876 F.Supp. 1135, 1141 (C.D.Cal. 1995) citing *McCullough v. FDIC*, 987 F.2d 870 (1st Cir. 1993); *FDIC v. Bell*, 892 F.2d 64 (10th Cir. 1989), *cert. dismissed,* 496 U.S. 913 (1990); *FDIC v. Hudson*, 800 F.Supp. 867 (N.D.Cal. 1990).  "[S]ection 1823(e) applies as much to misrepresentation claims based upon non-disclosures as to those based upon affirmative assertions." *Avirez,* 876 F.Supp. at 1141.  Section 1823(e) "embraces both affirmative claims and defenses and extends to arguments asserted in terms of contract or tort." *F.D.I.C. v. LeBlanc*, 85 F.3d 815, 821 (1st Cir. 1996); *see also McCaugherty,* 772 F.Supp. at 1136 (observing that other courts have held section 1823(e) to "preclude the assertion of affirmative claims against the FDIC for torts of misrepresentation or breach of fiduciary duty

where the tort is based on a secret, side agreement not reflected in [bank] records.").

Defendants' counterclaims are based on alleged misrepresentations by Dyson regarding his real estate projects and La Jolla Bank's alleged failure to disclose material facts regarding those projects. The Court concludes that all of the counterclaims, whether in terms of contract or tort law, allege "fraud and misrepresentation based on non-disclosures of fact." *Avirez,* 876 F.Supp. at 1141. However, omissions constitute "a form of 'agreement' to which section 1823(e) applies," and there is no evidence that the alleged misrepresentations or omissions in this case were included in writing in the loan documents. *Id.* The Court concludes that the counterclaims do not comply with 12 U.S.C. § 1823(e) and cannot form the basis of claims against the FDIC as receiver.

Plaintiff has shown that it is entitled to judgment on Defendants' counterclaims as a matter of law pursuant to 15 U.S.C. § 1823(e). Defendants have not provided any evidence of a genuine dispute of material facts in support their counterclaims.[2] Accordingly, the motion for summary judgment shall be granted.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment on the Counterclaims of Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, and Josephine Diamant filed by Plaintiff Federal Deposit Insurance Corporation, as Receiver for La Jolla Bank, FSB, (ECF No. 61) is GRANTED. The counterclaims filed by Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, and Josephine Diamant against Plaintiff Federal Deposit Insurance Corporation are dismissed.

DATED: April 17, 2012

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

---

[2]Defendants submitted signed declarations from each individual Defendant with their opposition to the motion for summary judgment. (See ECF Nos. 77-1 to 77-10). The declarations are identified as "in support of opposition to motion for summary judgment filed by Defendant Ben Wiggins" and "in support of opposition to motion for right to attach order and writ of attachment." *Id.* None of the declarations contain statements or factual allegations that support any of the alleged counterclaims.