1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10
FEDERAL DEPOSIT INSURANCE                    CASE NO. 10cv980-WQH-BGS
11 CORPORATION, as Receiver for LA JOLLA
BANK, FSB,                                   ORDER
12                                 Plaintiff,
13       vs.
14 DANNY TARKANIAN, an individual; AMY
M. TARKANIAN, an individual; JERRY
15 TARKANIAN, an individual; LOIS
TARKANIAN, an individual: GEORGE
16 TARKANIAN. an individual: ZAFRIR
DIAMANT. an individual: JOSEPHINE
17 DIAMANT. an individual: DOUGLAS R.
JOHNSON. an individual: DEBRA
18 JOHNSON. an individual; and DOES 1
through 100, inclusive,
19                                 Defendants.
20 HAYES, Judge:
21         The matters before the Court are the Motion for Stay or Injunction Pending Appeal
22 (ECF No. 136) and the Motion to Set Aside Judgment (ECF No. 137) filed by Defendants
23 Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir
24 Diamant, and Josephine Diamant.  Also pending before the Court are the Motion for Oral
25 Argument (ECF No. 153) and Motion to Shorten Time (ECF No. 154) filed by Defendants.
26                              **BACKGROUND**
27         On May 6, 2010, Plaintiff FDIC, as receiver for La Jolla Bank, initiated this action by
28 removing the Complaint from San Diego Superior Court pursuant to 28 U.S.C. § 1441(b) and

12 U.S.C. § 1819(b)(2)(B).  (ECF No. 1).  The Complaint alleged causes of action against Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, Josephine Diamant, Douglas Johnson, and Debra Johnson for breach of guaranty on loans for which Defendants were individual guarantors.  *Id.* at 30-48.

A loan in the amount of $14,568,750 was made to Vegas Diamond Properties LLC, which was secured by property owned by Vegas Diamond Properties LLC and personally guaranteed by the named Defendants.  Vegas Diamond Properties LLC defaulted on the loan, and its property was sold in nonjudicial foreclosure for $3,276,668.73 on March 3, 2011.

On November 21, 2011, Plaintiff filed a Motion for Summary Judgment on the Complaint.  (ECF No. 59).  On May 4, 2012, the Court granted Plaintiff's motion, finding that the personal guarantees issued by Defendants were absolute, unconditional, and without any defense other than repayment.  (ECF No. 104).

On May 22, 2012, the Court entered judgment against Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, and Josephine Diamant in the amount of $16,995,005.17.  (ECF No. 108).  The Judgment stated:

> On July 12,2007, La Jolla Bank, FSB loaned $14,568,750 to Vegas Diamond Properties, LLC. Defendants Danny Tarkanian, Amy M. Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafrir Diamant, Josephine Diamant, Douglas Johnson and Debra Johnson personally guaranteed the loan to Vegas Diamond Properties, LLC. Key Bank Real Estate Capital ("Key Bank") is the servicer on the loan to Vegas Diamond Properties, LLC. Attached hereto as Exhibit "A" is an Estimated Statement of Account from Key Bank, dated May 18, 2012, showing a total payoff amount of $16,995,005.17.

*Id.*  The total payoff amount reflected in the Estimated Statement of Account included a $3,276,668.73 credit to Vegas Diamond for the March 2011 sale of the secured property.  *See* Ellis Declaration, ECF No. 138-1.

On June 21, 2012, Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, and Josephine Diamant filed an appeal of the May 22, 2012 Judgment to the Ninth Circuit Court of Appeals.  (ECF No. 115).

On June 25, 2012 and June 26, 2012, Plaintiff filed applications for writs of execution against all individual Defendants.  On June 25, 2012, the Clerk of the Court issued writs of execution for Douglas Johnson and Debra Johnson.  (ECF Nos. 122, 123).

On July 5, 2012, Defendants filed a Motion for Stay or Injunction Pending Appeal (ECF No. 136), and on July 10, 2012, Defendants filed a Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 137). On July 27, 2012, Plaintiff filed oppositions to Defendants' motions. (ECF Nos. 138, 139). On August 13, 2012, Defendants filed replies. (ECF Nos. 142, 143). On October 16, 2012, Defendants filed a Motion for Oral Argument and a Motion to Shorten Time. (ECF Nos. 153, 154).

## DISCUSSION

### I.     Motion to Set Aside Judgment

"Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment. However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (quotation and citations omitted); *see also Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1976) ("Because of the pending appeal, the District Court had no jurisdiction to enter an order under Rule 60(b). The most the District Court could do was to either indicate that it would 'entertain' such a motion or indicate that it would grant such a motion. If appellant had received such an indication, its next step would have been to apply to this Court for a remand."). In light of the Defendants' pending appeal, this Court lacks jurisdiction to decide a motion pursuant to Federal Rule of Civil Procedure 60(b), although the Court may enter an order indicating whether the Court would entertain a Rule 60(b) motion. *See id.*

Pursuant to Federal Rule of Civil Procedure 60(b), a party may be relieved from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

1  FED. R. CIV. P. 60(b).  Reconsideration is an "extraordinary remedy, to be used sparingly in
2  the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of*
3  *Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).  "A motion for reconsideration 'may not be used
4  to raise arguments or present evidence for the first time when they could reasonably have been
5  raised earlier in the litigation.'"  *Marlyn Natraceuticals , Inc. v. Mucos Pharma GmbH & Co.*,
6  571 F.3d 873, 880 (9th Cir. 2009), quoting *Kona,* 229 F.3d at 890.

7           Defendants move for the judgment to be set aside on the grounds that California's
8  antideficiency statutes prevent Plaintiff from executing writs against Defendants' personal
9  assets after the nonjudicial foreclosure sale of the subject property.  In doing so, Defendants
10  "raise arguments or present evidence for the first time when they could reasonably have been
11  raised earlier in the litigation," because the issue of California's antideficiency statutes, as
12  Defendants have presented it, could have been raised as defense to the Complaint as early as
13  March 2011 when the subject property was sold.  *Marlyn Natraceuticals,* 571 F.3d at 880.
14  Furthermore, Defendants' request for protection under California's antideficiency statutes is
15  without merit because those statutes do not apply to guarantors.  *See Talbott v. Hustwit*, 164
16  Cal.App.4th 148, 151 (2008); *Bauman v. Castle*, 15 Cal.App.3d 990, 994 (1971);
17  *Westinghouse Credit Corp. v. Barton*, 789 F.Supp. 1043, 1045 (C.D.Cal. 1992).  Defendants
18  fail to show that they are entitled to reconsideration of the Court's May 4, 2012 Order or May
19  22, 2012 Judgment.  This Court would not entertain a motion reconsideration under Federal
20  Rule of Civil Procedure 60(b) because Defendants fail to provide sufficient grounds for such
21  a motion.  *See Crateo,* 536 F.2d at 869.

22  **II.      Motion for Stay or Injunction Pending Appeal**

23           Defendants contend that, "[h]aving secured summary judgment, FDIC now proceeds
24  to secure writs of execution so that it can commandeer and liquidate the Defendants'
25  individual, personal assets ... [and that, u]nder California's antideficiency legislation, FDIC
26  is barred from such seizure and liquidation of the Defendants' assets following the nonjudicial
27  foreclosure sale."  (ECF No. 136-1 at 1).  Defendants request that the Court issue a stay
28  pursuant to Federal Rule of Civil Procedure 62 to preserve the status quo during the appeal of

1   the May 22, 2012 Judgment.  In the alternative, Defendants request that the Court enjoin

2   execution of the judgment against Defendants' personal assets.

3          Plaintiff contends that Defendants are guarantors of the loan and that guarantors are not

4   entitled to antideficiency protection under California law.  Plaintiff contends that Defendants

5   waived the right to assert any antideficiency defense by failing to raise the issue in their

6   Answer, opposition papers, or a motion to dismiss, and by explicitly waiving the right to such

7   a defense in the written guaranties.

8          **A.     Stay**

9          Federal Rule of Civil Procedure 62(c) provides that, "[w]hile an appeal is pending from

10  an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court

11  may suspend, modify, restore, or grant an injunction on terms for bond or other terms that

12  secure the opposing party's rights."  FED. R. CIV. P. 62(c).  In this case, Defendants have

13  appealed a final order on a motion for summary judgment, not a "final judgment that grants,

14  dissolves, or denies an injunction."  FED. R. CIV. P. 62(c).  Federal Rule of Civil Procedure

15  62(c) does not apply at this point in the proceedings.

16         Federal Rule of Civil Procedure 62(d) provides that, "[i]f an appeal is taken, the

17  appellant may obtain a stay by supersedeas bond ... [which] may be given upon or after filing

18  the notice of appeal or after obtaining the order allowing the appeal."  FED. R. CIV. P. 62(d).

19  "Generally, the 'purpose of a supersedeas bond is to secure the appellees from a loss resulting

20  from the stay of execution and a full supersedeas bond should therefore be required.'"  *Pacific*

21  *Reinsurance Management Corp. v. Ohio Reinsurance Corp.,* 935 F.2d 1019, 1027 (9th Cir.

22  1991).  In this case, Defendants have not submitted a supersedeas bond as required for a stay

23  to be granted under Federal Rule of Civil Procedure 62(d).  The Court declines to grant a stay

24  of the judgment pursuant to Federal Rule of Civil Procedure 62(d).

25         **B.     Injunction**

26         "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not

27  be granted unless the movant, by a *clear showing*, carries the burden of persuasion."  *Mazurek*

28  *v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted).  The party

seeking preliminary injunctive relief has the burden to show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC,* 555 U.S. 7, 20 (2008); *see also Small v. Avanti Health Systems*, *LLC*, 661 F.3d 1180, 1187 (9th Cir. 2011) ("Winter overturned ... precedents that allowed district courts to grant injunctions when a plaintiff demonstrated ... only a possibility of irreparable harm," finding the "possibility" standard "too lenient").

The Court of Appeals for the Ninth Circuit has articulated a standard "under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." *Alliance for Wild Rockies v. Cottrell,* 622 F.3d 1045, 1131 (9th Cir. 2010) (citation omitted). The test applies a sliding scale approach to a preliminary injunction in which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.; see also Leiva-Perez v. Holder,* 640 F.3d 962, 966 (9th Cir. 2011) (holding that the sliding scale approach to preliminary injunctions continues to be viable after Winter "so long as a certain threshold showing is made on each [Winter] factor").

As discussed above, Defendants are not likely to succeed on the merits of their appeal seeking protection under California's antideficiency statutes because those statutes do not apply to guarantors. *See Talbott*, 164 Cal.App.4th at 151; *Bauman*, 15 Cal.App.3d at 994; *Barton*, 789 F.Supp. at 1045. Defendants fail to carry their burden of persuasion showing a likelihood of success on the merits of their claims in this case or in their appeal.

**C.   Waiver**

"Under the accepted interpretation of Rule 8(c) of the Federal Rules of Civil Procedure, any matter 'constituting an avoidance or affirmative defense' to the matters raised in the plaintiff's complaint must be pleaded in a timely manner or it is deemed to be waived." *Taylor v. U.S.,* 485 U.S. 992, 108 S.Ct. 1300, 1301 (1988); *see also U.S. v. Manzo,* 675 F.3d 1204, 1211 n.3 (9th Cir. 2012) ("It is a frequently stated proposition of virtually universal acceptance

by the federal courts that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense and its exclusion from the case," quoting 5 Charles Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (3d ed. 1998)).

In this case, Defendants failed to raise the issue of California's antideficiency statutes until August 2012, nearly a year and a half after the sale of the subject property when the defense, as Defendants argue it, would have first become applicable. Defendants did not raise the argument in the Answer, in oppositions to the motions for summary judgment, or in a motion to dismiss. The Court entered judgment against Defendants in May 2012, and Defendants did not raise the argument at that time. In addition, Defendants waived their right to assert such a defense in the written Guarantees. *See* Commercial Guaranty Forms, ECF Nos. 59-9 at 28-53, 59-10 at 1-16 ("Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender.… Guarantor's liability is unlimited.... Guarantor waives any and all rights or defenses based on… any defenses given to guarantors at law or in equity other than actual payment and performance of the Indebtedness....").   Defendants' argument for protection under California's antideficiency statutes is untimely and deemed waived.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Stay or Injunction Pending Appeal (ECF No. 136) and the Motion to Set Aside Judgment (ECF No. 137) filed by Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, and Josephine Diamant are DENIED.

IT IS FURTHER ORDERED that the Motion for Oral Argument (ECF No. 153) and Motion to Shorten Time (ECF No. 154) filed by Defendants are denied as moot.

///

///

///

///

///

1    The Clerk of the Court is instructed to issue the Writs of Execution as to Danny

2  Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, Zafir Diamant, and Josephine

3  Diamant that were withheld on June 25, 2012.[1]  (ECF Nos. 120, 121, 125, 126, 127, 131).

4  DATED:  November 26, 2012

5                                                  _William Q. Hayes_____

6                                                  **WILLIAM Q. HAYES**
                                                   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

_____

27        [1]Plaintiff requests that the Court take Judicial Notice of the bankruptcy filing of George Tarkanian.
   (ECF No. 152).  The Court takes judicial notice that Defendant George Tarkanian filed for Chapter 7
28  bankruptcy in the District of Nevada on July 31, 2012.  Pursuant to 11 U.S.C.A. § 362(a), the filing of
   bankruptcy operates as an automatic stay of all proceedings affecting the individual party in bankruptcy.