# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for LA JOLLA BANK, FSB,<br><br>    Plaintiff,<br>vs.<br><br>DANNY TARKANIAN, an individual; AMY M. TARKANIAN, an individual; JERRY TARKANIAN, an individual; LOIS TARKANIAN, an individual: GEORGE TARKANIAN, an individual: ZAFRIR DIAMANT. an individual: JOSEPHINE DIAMANT. an individual: DOUGLAS R. JOHNSON. an individual: DEBRA JOHNSON. an individual; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO. 10cv980-WQH-BGS<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Motion to Register Judgment in Foreign Districts filed by Plaintiff Federal Deposit Insurance Corporation ("FDIC"). (ECF No. 144).

## BACKGROUND

    On May 6, 2010, Plaintiff FDIC, as receiver for La Jolla Bank, initiated this action by removing the Complaint from San Diego Superior Court pursuant to 28 U.S.C. § 1441(b) and 12 U.S.C. § 1819(b)(2)(B). (ECF No. 1). The Complaint alleged causes of action against Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, Josephine Diamant, Douglas Johnson, and Debra Johnson for breach of guaranty on loans for which Defendants were individual guarantors. *Id.* at 30-48.

On November 21, 2011, Plaintiff filed a Motion for Summary Judgment on the Complaint. (ECF No. 59). On May 4, 2012, the Court granted Plaintiff's motion, finding that the personal guarantees issued by the named Defendants were absolute, unconditional, and without any defense other than repayment. (ECF No. 104).

On May 22, 2012, the Court entered judgment against Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, and Josephine Diamant in the amount of $16,995,005.17, and judgment against Defendants Douglas Johnson and Debra Johnson in the amount of $31,244,249.21, with postjudgment interest at 10% as to all Defendants. (ECF No. 108). The Judgment stated:

> On July 12, 2007, La Jolla Bank, FSB loaned $14,568,750 to Vegas Diamond Properties, LLC. Defendants Danny Tarkanian, Amy M. Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafrir Diamant, Josephine Diamant, Douglas Johnson and Debra Johnson personally guaranteed the loan to Vegas Diamond Properties, LLC. Key Bank Real Estate Capital ("Key Bank") is the servicer on the loan to Vegas Diamond Properties, LLC. Attached hereto as Exhibit "A" is an Estimated Statement of Account from Key Bank, dated May 18, 2012, showing a total payoff amount of $16,995,005.17.
>
> On July 12, 2007, La Jolla Bank, FSB loaned $10,933,125 to Johnson Investments, LLC. Defendants Douglas Johnson and Debra Johnson personally guaranteed the loan to Johnson Investments, LLC. KeyBank is the servicer on the loan to Johnson Investments, LLC. Attached hereto as Exhibit "B" is an Estimated Statement of Account from KeyBank, dated May 18, 2012, showing a total payoff amount of $14,249,244.04.

*Id.*

On June 21, 2012, Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, George Tarkanian, Zafir Diamant, and Josephine Diamant (hereinafter "Defendants") filed an appeal of the May 22, 2012 Judgment to the Ninth Circuit Court of Appeals. (ECF No. 115).

On September 13, 2012, Plaintiff filed a motion to register judgment in the District of Nevada and the Eastern District of California, and for certified judgments for those districts. (ECF No. 144). On October 10, 2012, Defendants filed an opposition and an addendum to the opposition. (ECF Nos. 146, 148). On October 15, 2012, Plaintiff filed a reply. (ECF No. 150).

///

///

# DISCUSSION

Pursuant to Federal Rule of Civil Procedure 62(a), a judgment of the District Court becomes final and enforceable ten days after judgment is entered. Fed.R.Civ.P. 62(a). Pending an appeal, the judgment is only enforceable in the district in which it was rendered, unless the judgment is "registered" in another district by court order. 28 U.S.C. § 1963. The registration process is set forth in 28 U.S.C. § 1963, which provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any... district court ... may be registered by filing a certified copy of the judgment in any other district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. The Ninth Circuit has found "good cause" to exist where there is an absence of assets in the judgment forum and substantial assets in the registration forum. *Columbia Pictures Television, Inc. v. Krypton Columbia Pictures Television, Inc.,* 259 F.3d 1186, 1197-98 (9th Cir. 2001).

In this case, Plaintiff has submitted evidence, in the form of interrogatory responses, showing that Defendants do not have assets in the judgment forum but do have substantial assets in Nevada and the Eastern District of California. *See* Ladegaard Decl., ECF No. 144-3. Moreover, Defendants have indicated an inability to post any bond pending their appeal of the judgment. *See* ECF No. 148 at 16 ("Defendants' financial resources are limited and they are incapable of obtaining a supersedeas bond large enough to satisfy the judgment during the pendency of the Appeal"). The Court concludes that Plaintiff has shown good cause to register this Court's May 22, 2012 judgment against Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, Zafir Diamant, and Josephine Diamant in the District of Nevada and the Eastern District of California.[1]

---

[1] The Court takes judicial notice that Defendant George Tarkanian filed for Chapter 7 bankruptcy in the District of Nevada on July 31, 2012, and that Defendants Douglas Johnson and Debra Johnson filed for Chapter 7 bankruptcy in the District of Nevada on October 30, 2012. (ECF Nos. 152, 156). Pursuant to 11 U.S.C.A. § 362(a), the filing of bankruptcy operates as an automatic stay of all proceedings affecting the individual party in bankruptcy.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Register Judgment in Foreign Districts filed by Plaintiff FDIC (ECF No. 144) is GRANTED as to Defendants Danny Tarkanian, Amy Tarkanian, Jerry Tarkanian, Lois Tarkanian, Zafir Diamant, and Josephine Diamant.

The Clerk of the Court is instructed to mail two certified copies of the May 22, 2012 Judgment in this case to Plaintiff FDIC.

DATED: November 26, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge